# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Docket No. |
| | : | 3:07 CR 57 (MRK) |
| HASSAN ABUJIHAAD | : | |

## RULING AND ORDER

Presently pending before the Court is the Government's Amended First Classified *In Camera*, *Ex Parte* Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure [doc. # 89]. Defendant has objected to the *ex parte* nature of the Government's motion and also objects to any protective order that would permit the Government to withhold otherwise discoverable material from defense counsel, who is willing to submit to appropriate procedures to obtain any needed security clearance. *See* Memorandum in Opposition to Government's Motion for CIPA Protective Order [doc. # 95]. The purpose of this ruling is simply to clarify the procedures that the Court will follow in connection with its consideration of the Government's Motion; a ruling on the substance of the Government's Motion will issue at a later time.

First, the Court is satisfied that it is appropriate for the Government to proceed with this Motion on an *ex parte* basis. As the Government makes clear in its Reply [doc. # 98], the purpose of the Government's Motion is to allow the Court to review *in camera* classified information that the Government believes is not subject to discovery under applicable legal principles. While the Court is fully cognizant of the need to protect Defendant's due process rights and ensure both the appearance and reality of fairness, the Court believes that in this particular instance, it is not only

appropriate but necessary to proceed on an *ex parte* basis in view of the classified nature of the information at issue.

Section 4 of the Classified Information Procedures Act (CIPA) expressly authorizes a court to permit the Government to submit materials to be inspected by the court alone. *See* 18 U.S.C. App. III § 4 ("The court may permit the United States to make a request for [relief from discovery] in the form of a written statement to be inspected by the court alone."). Even outside the national security context, Rule 16(d)(1) of the *Federal Rules of Criminal Procedure* authorizes a court to proceed on an *ex parte* basis when there is good cause to do so. *See* Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte."); *United States v. Wolfson*, 55 F.3d 58, 60 (2d Cir. 1995) ("To the extent that there is a question as to the relevance or materiality of a given group of documents, the documents are normally submitted to the court for *in camera* review."). Protecting classified information from unauthorized disclosure provides such good cause. *See Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988); *Haig v. Agee*, 453 U.S. 280, 307 (1981).

As a consequence, numerous courts have upheld the propriety of *ex parte, in camera* proceedings in cases involving classified information. *See, e.g.*, *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002) (district court properly conducted *in camera*, *ex parte* proceeding to determine whether classified information was discoverable); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) (approving CIPA *ex parte* hearing); *United States v. Sarkissian*, 841 F.2d 959, 965-66 (9th Cir. 1988) (*ex parte* proceedings under CIPA appropriate); *United States v. Porter*, 701 F.2d 1158, 1162 (6th Cir. 1983); *see also United States v. Mejia*, 448 F.3d 436, 457-

59 (D.C. Cir. 2006); *United States v. Aref*, No. 04-CR-402, 2006 WL 1877142, at *1-2 (N.D.N.Y. July 6, 2006); *United States v. Marzook*, 435 F. Supp. 2d 708, 714 (N.D. Ill. 2006); *United States v. Rahman*, 870 F. Supp. 47, 53 (S.D.N.Y. 1994). Even *United States v. Rezaq*, 134 F.3d 1121, 1142-43 (D.C. Cir. 1998), on which Defendant relies, reviewed the Government's CIPA filings *ex parte* and *in camera*. Defendant undoubtedly believes that he is disadvantaged by such a procedure, since he presumably is in the best position to know whether certain information would be helpful to his defense. But as the District of Columbia Circuit noted recently, "while the defendant['s] predicament is difficult, it is not without close analogies." *Mejia*, 448 F.3d at 458:

> When a court (rather than the prosecutor alone, as is ordinarily the case) reviews evidence in camera to determine whether it constitutes a witness statement subject to disclosure under the Jencks Act, 18 U.S.C. § 3500(b), or exculpatory material subject to disclosure under *Brady*, the defendant is likewise not entitled to access to any of the evidence reviewed by the court to assist in his argument that it should be disclosed.

*Id.* (alteration and quotation marks omitted).

Of course, this is not to say that it is always appropriate for the Government to proceed on an *ex parte* basis; as the Government concedes, courts certainly retain discretion to decide whether to accept *ex parte* filings under CIPA or Rule 16(d)(1). Nevertheless, having reviewed the material in question as well as an affidavit submitted by an official with classification review authority, the Court is satisfied that it is fully appropriate for the Government to proceed on the current Motion on an *ex parte* basis, at least at this time. Where, as here, the Government is seeking permission to withhold classified information from the defendant as non-discoverable, "an adversary hearing with defense knowledge

3

would defeat the very purpose of the discovery rules." *Sarkissian*, 841 F.2d at 965 (quotation marks omitted).

That brings the Court to its second point, involving Defendant's concern that the scope of the protective order sought is overbroad because it would deny Defendant access to discoverable material that his counsel could view with appropriate security clearance. As noted at the outset, the purpose of the Government's Motion is to permit this Court to determine whether the classified information in question is discoverable at all. *See United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. 2006) (holding that CIPA § 4 allows the Government to ask the Court to determine that classified information need not be produced at all). If the Court were to conclude that some or all of the information is discoverable, the Government would then need to decide prior to court-ordered disclosure whether to produce the information to defense counsel subject to appropriate security clearance, seek alternate relief under CIPA – such as substitution of a summary or statement of the discoverable information – or file an interlocutory appeal under CIPA § 7. If, on the other hand, the Court decides that the information is not discoverable at all, Defendant is not entitled to production of the information, regardless whether his counsel is willing to submit to security clearance procedures. *See United States v. Yousef*, 327 F.3d 56, 168 (2d Cir. 2003); *Mejia*, 448 F.3d at 455-56; *United States v. Yunis*, 867 F.2d 617, 621-25 (D.C. Cir. 1989). Furthermore, "[i]f the court enters an order granting relief [to the Government] following such an ex parte showing, the entire text of the [information] shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal." 18 U.S.C. App. III § 4; *see also* Fed. R. Crim. P. 16(d)(1) ("If relief is granted, the court must preserve

the entire text of the [information] under seal."). Therefore, Defendant's appeal rights will be fully protected even if the Court were to grant the Government's Motion.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: October 11, 2007.**