UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA            :

                    Plaintiff      :      NO. 3:07CR57(MRK)

V.                                  :

HASSAN ABU-JIHAAD                   :      JANUARY 17, 2008
                Defendant


DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN
OPPOSITION RE: ADMISSIONS OF PARTY-OPPONENT

      The Government has submitted a memorandum of law dated January 11, 2008 in which it addresses the topic of the admissibility of various statements made by the Defendant in its case-in-chief.  The Government has conceded that the statements it seeks to introduce are not properly admissible to prove modus operandi, and it has accordingly abandoned its efforts to admit evidence on that ground.  The Government does, however, seek to introduce various statements made by the Defendant to others on a theory of consciousness of guilt.  The Government contends that the Defendant's use of the terms hot meal – cold meal, coded references to Jihaad and his concern for having secure communications, all constitute consciousness of guilt evidence.  The Defendant respectfully disagrees.

Evidence of a party's consciousness of guilt may be relevant if reasonable inferences can be drawn from it and if the evidence is probative of guilt.  See 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence,* §401.08 (2d ed. 1997).  Such evidence is admissible if the court (1) determines that the evidence is offered for a purpose other than to prove the defendant's bad character or criminal propensity, (2) decides that the evidence is relevant and satisfies Rule 403, and (3) provides an appropriate instruction to the jury as to the limited purposes for which the evidence is introduced, if a limiting instruction is requested.  United States v. Mickens, 926 F.2d 1323, 1328-29 (2d Cir. 1991).

The Second Circuit has upheld the admission of various kinds of evidence on the ground that it demonstrated consciousness of guilt.  For example, proof of a defendant's flight after a crime charged occurred may be admissible even though that evidence might be subject to varying interpretations.  See United States v. Ayala, 307 F.2d 574, 576 (2d Cir. 1962) (Marshall, J.).  Likewise, it has upheld the admission of evidence of attempted witness or jury tampering as probative of a defendant's consciousness of guilt.  See Mickens, 926 F.2d at 1329.  While falsehoods told by a defendant in hope of evading prosecution are not themselves sufficient evidence on which to base a conviction, such falsehoods may strengthen an inference of guilt supplied by other evidence.  See United States v. Glenn, 312

F.3d 58, 69 (2d Cir. 2002); <u>United States v. Johnson</u>, 513 F.2d 819, 824 (2d Cir. 1975).

The statements at issue here fail to satisfy any of the recognized grounds for the admission of such evidence.  The Government's theory seems to be that in 2001 the Defendant provided what it deemed to be logistical information to the Azzam Website.  This logistical information was in the form of intelligence as it related to the location of the United States Fifth Fleet Battle Group.  Five years later, the Defendant is intercepted by a FBI wiretap speaking with Derrick Shareef.  At the time, Derrick Shareef is interested in gaining logistical support for his own Jihaadist aspirations.  The Defendant (who has been out of the military for several years) essentially tells him he cannot help him because he has not been in the environment where he could come across such information.  The Defendant is also aware at this time that he is suspected of transmitting sensitive intelligence information which is alleged to have eminated from the USS Benfold.[1]  The government claims that both of these instances show consciousness of guilt.  The Defendant respectfully submits that such evidence is really nothing more than propensity evidence.  Nothing about these conversations by themselves is probative

---

[1] The Los Angeles Times ran an article two years prior to the date of these recordings in which it essentially alleged that the Defendant was deemed to be the party responsible for the transmission of sensitive intelligence information.

of the Defendant's guilt of the offenses charged in the indictment, rather they constitute nothing more than an invitation to the jury to speculate on the issue of guilt.  The statements were made five years after the fact, and relate to an entirely different matter.  The Defendant respectfully requests that the court reject the Government's claims and rule that such evidence is not admissible against the Defendant to show consciousness of guilt.

THE DEFENDANT,
Hassan Abujihaad


BY:    /s/    Robert G. Golger
       ROBERT G. GOLGER
       Juris No. CT03116
       Quatrella & Rizio, LLC
       One Post Road
       P.O. Box 320019
       Fairfield, CT  06825
       (203) 255-9928

CERTIFICATION

I hereby certify that on January 17, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


       /s/   Robert G. Golger  
ROBERT G. GOLGER