UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 3:07-CR-57 (MRK) |
| v. | : | |
| | : | January 23, 2008 |
| HASSAN ABU-JIHAAD | : | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS FISA DERIVED EVIDENCE**

      This Memorandum is submitted in further support of Defendant's Motion to Suppress FISA Derived Evidence dated November 12, 2007 ("the Motion").  In particular, this Supplemental Memorandum is submitted to better articulate the defendant's claim that the Foreign Intelligence Surveillance Act (FISA), as Amended by the Patriot Act, is unconstitutional as violative of the Fourth Amendment.  This Supplemental Memorandum is also submitted in compliance with the Court's instruction that the defendant make such an articulation.

      The Fourth Amendment warrant requirement limits the power of the government to conduct investigations against the citizenry.  Fourth Amendment jurisprudence has refined the warrant requirement and the core concepts which give meaning to this important constitutional protection -- concepts such as probable cause, the detached magistrate, notice and particularity.  Prior to the adoption of the Patriot Act, a line of Circuit Court cases also recognized that the traditional Fourth Amendment warrant requirements may be relaxed where investigations are undertaken for foreign intelligence purposes.  See Memorandum in Support of Motion to Suppress FISA Derived Evidence at pp. 7-

8. The *Truong Dinh Hung* line of cases, however, limited the foreign intelligence exception to the Fourth Amendment warrant requirements to situations in which the *primary purpose* of the investigation is to gather foreign intelligence information and not to gather evidence to mount a criminal prosecution. The courts placed this limitation on the foreign intelligence exception because "once surveillance becomes primarily a criminal investigation, the courts are entirely competent to make the usual probable cause determination, and because, importantly, individual privacy interests come to the fore and government foreign policy concerns recede when the government is primarily attempting to form the basis for criminal prosecution." *United States v. Truong Dinh Hung*, 629 F.2d 908, 915 (4th Cir. 1980). The fundamental problem with FISA as amended by the Patriot Act is that the government now is empowered to conduct searches and electronic surveillance under FISA's relaxed standards and secret procedures even if the government's primary purpose is to gather evidence of domestic criminal activity.

The differences between FISA procedures and traditional search warrant or Title III electronic surveillance procedures are substantial. These differences include the following:

1. FISA orders approving electronic surveillance or searches may be obtained without a showing of probable cause, as Fourth Amendment jurisprudence has traditionally defined that concept. Probable cause under the Fourth Amendment is probable cause to believe that a crime has been or is about to be committed. Under FISA, however, an order may be obtained

authorizing electronic surveillance or a search merely upon a showing of probable cause to believe that the target of the order is "a foreign power or an agent of a foreign power" and that the facilities or places to be surveilled or searched are being used or are about to be used by a foreign power or an agent of a foreign power. 50 U.S.C. 1805(a)(3) and 50 U.S.C. 1825(a)(3). In *Berger v. New York*, 388 U.S. 41 (1967), the Supreme Court struck down a state eavesdropping statute in part because it did not require a probable cause showing that a particular crime had been or was being committed. 388 U.S. at 58-60. The relative ease of obtaining a FISA order as opposed to a traditional search warrant or a Title III electronic surveillance order is amply illustrated by what apparently transpired in this case. There does not appear to be any evidence that the defendant was the agent of a foreign power other than the e-mail communications he had with the Azzam Publications website in 2001. Yet that evidence seems to have been sufficient for the government to invoke the FISA mechanisms in the Fall of 2006 and obtain an order authorizing the electronic interception of the defendant's phone conversations and the search of his e-mail accounts.

     2. FISA does not require notice to the target that a search or that electronic surveillance has occurred. By contrast, the Fourth Amendment generally requires that the subject of a search be notified that the search has taken place. *Wilson v. Arkansas*, 514 U.S. 927, 930 (1995) (holding that the common-law "knock-and-announce" principle forms part of the Fourth Amendment reasonableness inquiry). The Fourth Amendment also generally

requires that the target of electronic surveillance be given timely notice that the surveillance has occurred.  *Berger v. New York*, 388 U.S. 41 (1967) (holding that a state statute authorizing electronic surveillance violated the Fourth Amendment in part because it contained no requirement that notice be given to the target.) Under FISA, notice is never given to the target unless a criminal prosecution ensues.

      3.  The FISA secrecy provisions are unconstitutional.  When notice is given to a defendant that a FISA search or that electronic surveillance has occurred, the notice which the statute requires is constitutionally insufficient. Under FISA, when the government intends to use FISA derived evidence at a hearing or at trial, the statute requires only that the government give notice of such intent.  50 U.S.C. §§ 1806(c) and 1825(d).  The statute does not require that a copy of the FISC order be provided or that the FISC application papers be revealed.  This level of secrecy with respect to the government's authority to conduct a search or electronic surveillance is inconsistent with the Fourth Amendment because it unreasonably handicaps the ability of the target of the search or surveillance to challenge the legality of the government action.  Cf. 18 U.S.C. § 2518 (9) (requiring service of a copy of the court order and accompanying application under which a wire, oral or electronic interception is authorized.)  When motions to suppress are filed under FISA, the government is allowed to submit *ex parte* papers to the Court which the Court then uses to determine the motion.

      4.  FISA procedures violate the particularity requirement of the Fourth Amendment.  FISA orders authorizing searches or electronic surveillance may issue upon a finding by the FISC judge that there is probable cause to believe that the target of the order is a foreign power or the agent of a foreign power and that the facilities to be surveilled and places to be searched are being used or are about to be used by a foreign power or an agent of a foreign power.  FISA suffers from the same constitutional frailties as the statute which was struck down in *Berger*.  FISA orders are issued "without requiring belief that any particular offense has been or is being committed; nor that the 'property' sought, the conversations, be particularly described.  The purpose of the probable-cause requirement of the *Fourth Amendment*, to keep the state our of constitutionally protected areas until it has reason to believe that a specific crime has been or is being committed, is thereby wholly aborted.  Likewise, the statute's failure to describe with particularity the conversations sought gives the officer a roving commission to 'seize' any and all conversations."  388 U.S. at 58-59.  Although FISA orders are issued after a certification by the officer applicant that the information sought is deemed to be "foreign intelligence information," that broad categorization of information does not satisfy the constitutional requirement that the property or conversations sought be particularly described.

      5.  FISA procedures do not satisfy the constitutional requirement that warrants issue only after review by a "neutral and detached" magistrate.  In passing upon a FISA application, the FISC judge is required to accept the certifications of the officer applicant unless those certifications are "clearly

1081611-1                                        5

erroneous." 50 U.S.C. §§1805(a)(5) and 1824(a)(5).  Rather than being "neutral and detached," the FISC judge is constrained by the statutory provisions and may not independently review the application papers.  Furthermore, there is no requirement in FISA that the government agents make any return to the court regarding the items seized or the conversations recorded.  Cf.Federal Rules of Criminal Procedure, Rule 41(f); 18 U.S.C. § 2518(8)(a).  Finally, the duration of FISA orders is unconstitutionally long.  FISA surveillance against a U.S. person may be for a term up to 90 days without any further judicial oversight.  In *Berger*, the Supreme Court expressed concern about the duration of intercept orders where the statute authorized a term of up to two months.  388 U.S. at 59.  By contrast, Title III, which was drafted with the *Berger* constitutional constraints in mind, authorizes interceptions for only 30 days at a time.  18 U.S.C. § 2518 (5).  For all these reasons, FISA's "blanket grant of permission to eavesdrop is without adequate judicial supervision or protective measures."  388 U.S. at 60.

## Conclusion

For all the reasons stated, FISA violates the Fourth Amendment.

THE DEFENDANT:

By /s/
Dan E. LaBelle of
HALLORAN & SAGE LLP
Fed. Bar #ct 01984
315 Post Road West
Westport, CT 06880
(203) 227-2855
labelle@halloran-sage.com

1081611-1                              6

## **CERTIFICATION**

  I hereby certify that on January 23, 2008, a copy of the foregoing Memorandum in Support of Motion to Suppress was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                   /s/_____
                   Dan E. LaBelle